**ARIEL (UK) LIMITED,**
Plaintiff–Appellant,

v.

**REUTERS GROUP, PLC, Reuters C, LLC, Reuters Transaction Services Limited, Instinet Group Incorporated, The NASDAQ Stock Market, Inc., Silver Lake Partners II, LP, Inet Ats Inc., Instinet Holdings Incorporated, formerly known as Iceland Acquisitions Corp., Instinet Incorporated and Norway Acquisition Corp., Defendants–Appellees.**

No. 06–5533–cv.

United States Court of Appeals, Second Circuit.

May 6, 2008.

J. Joseph Bainton (Michael J. Cohen, of counsel), Bainton McCarthy LLC, New York, NY, for Plaintiff–Appellant.

David L. Yohai (Alan R. Feigenbaum, on the brief), Weil Gotshal & Manges LLP, New York, NY, for Defendants–Appellees Reuters Group PLC, Reuters C LLC, and Reuters Transaction Services Limited.

William I. Sussman, Ropes & Gray LLP, New York, NY, for Defendants–Appellees. Silver Lake Partners II, L.P., Instinet Holdings Incorporated, Instinet Incorporated, and Instinet LLC.

Douglass B. Maynard (Michael D. Lockard, on the brief), Akin Gump Strauss Hauer & Feld LLP, New York, NY, for Defendants–Appellees The NASDAQ Stock Market, Inc., Norway Acquisition Corp., and Instinet Group Incorporated.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, and Hon. SIDNEY H. STEIN, District Judge.[1]

### SUMMARY ORDER

Ariel (UK) Limited ("Ariel") appeals from the judgment of the District Court for the Southern District of New York (John F. Keenan, *Judge*) granting defendants' motion to dismiss Ariel's copyright claim with prejudice, dismissing Ariel's claims for breach of contract and declaratory relief, without prejudice, and declining to exercise pendent jurisdiction over Ariel's state law claims, entered on November 2, 2006. We assume the parties' familiarity with the procedural history, arguments on appeal, and the underlying facts, which are laid out in detail in the

---

1. Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

opinion of the District Court. *See Ariel (UK) Ltd. v. Reuters Group PLC,* No. 05 Civ. 9646, 2006 WL 3161467 (S.D.N.Y. Oct. 31, 2006).

"We review the district court's grant of a Rule 12(b)(6) motion *de novo,* drawing all reasonable inferences in plaintiffs' favor, and accepting as true all the factual allegations in the complaint." *Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.),* 502 F.3d 47, 50 (2d Cir. 2007) (internal quotation marks, alteration, and citations omitted); *see also Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Our review is limited to the complaint and any undisputed documents attached as exhibits to it. *See* Fed.R.Civ.P. 10(c). We affirm for substantially the reasons given in the District Court's thorough and well-reasoned opinion.

▮ Ariel's pleadings and the 1975 agreement between Ariel and Institutional Networks Corporation ("Instinet"), predecessor to defendants, upon which Ariel bases its contract claims, demonstrate that defendants are valid licensees of the works Ariel claims defendants infringed. As the pleadings and 1975 agreement demonstrate, Ariel and Instinet were subject to a license agreement that granted each of them a perpetual, royalty free, worldwide, non-exclusive license to exploit the works at issue in Ariel's copyright claim. As the District Court found, the 1975 agreement also demonstrates that Instinet was free to operate and license others to operate the works Ariel claims were infringed. The District Court properly relied on Ariel's allegations to determine that defendants were licensees. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 167 (2d Cir.2003) (holding that allegations in the complaint are judicial admissions that bind a party "throughout the course of the proceeding" (internal quotation marks omitted)). Thus, we find no error in the District Court's holding that, as a matter of law, the defendants could not be sued for copyright infringement. *See Davis v. Blige,* 505 F.3d 90, 100 (2d Cir. 2007) (noting that a valid exclusive or non-exclusive license "immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor"). Ariel's argument on appeal that it alleged, in the alternative, that defendants were not licensed is belied by the record. Ariel consistently argued that defendants were licensees, and any argument to the contrary amounted to nothing more than a late-breaking claim that it was entitled to rescission.

▮ As to Ariel's potential rescission claim, assuming, *arguendo,* that Ariel was entitled to make the claim, the District Court did not err in finding that it was not justified because Ariel had not pled a breach of a condition precedent or one that was so fundamental, that, if proven, would trigger a rescission right. *See Septembertide Publ'g, B.V. v. Stein & Day, Inc.,* 884 F.2d 675, 678 (2d Cir.1989) ("[B]efore rescission will be permitted the breach must be material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract." (internal quotation marks omitted)). While we have cautioned that district courts are ill-equipped to make judgments regarding rescission at the early stages of litigation, *see Bassett v. Mashantucket Pequot Tribe,* 204 F.3d 343, 356 n. 14 (2d Cir.2000), here the claim of rescission was not "plausible" on its face, and the District Court did not err in dismissing it, *see Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007).

▮ Finally, the District Court did not exceed its allowable discretion in not *sua*

*sponte* granting Ariel leave to amend. Ariel had already amended its complaint once, and any amendment would have been futile. *See Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 76 (2d Cir.1998), *cert. denied,* 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). Ariel's allusion to new facts that it submitted in response to defendants' motion below for attorneys' fees and costs is unavailing. We note that, on a motion to dismiss, "our review is limited to undisputed documents, such as a written contract attached to, or incorporated by reference in, the complaint." *Official Comm. of Unsecured Creditors of Color Tile,* 322 F.3d at 160 n. 7. However, even if we were to consider the facts Ariel alludes to, Ariel fails to show how those facts could not have been pled originally, or how new facts or allegations could salvage Ariel's copyright claim. *See Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110, 118 (2d Cir.2007) (explaining that "[w]hen a moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly"); *In re Am. Express Co. S'holder Litig.,* 39 F.3d 395, 402 (2d Cir.1994) (affirming district court's dismissal without leave to replead and noting that appellants had not indicated how they could transform the facts pleaded into a sufficient allegation).

We have considered all of Ariel's arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.